[Cite as *State v. Malone*, 2014-Ohio-2182.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100277

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DWAYNE E. MALONE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569677

**BEFORE:** Stewart, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 45551
Westlake, OH    44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Carl Sullivan
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} At the conclusion of a bench trial, the court found defendant-appellant Dwayne Malone guilty of carrying a concealed weapon and improperly handling a firearm in a motor vehicle. Malone was initially arrested for driving under a license suspension, and his vehicle was searched incident to this arrest. During the search, a Cleveland police officer uncovered the firearm. On appeal, Malone asserts that there is insufficient evidence to support his convictions and that his convictions are against the manifest weight of the evidence. We find no merit to Malone's arguments and affirm the decision of the trial court.

{¶2} The Cleveland police officer who arrested Malone testified that on the day of the arrest, he saw a vehicle driving westbound on Denison Avenue near West 98th Street change lanes without using a signal. The officer activated his overhead lights and sirens to pull the vehicle over. Once the vehicle stopped, the officer estimated that it took him ten seconds to walk from his police car to the pulled over vehicle. During this time, he saw the driver of the vehicle making "furtive movements" inside the car.

{¶3} The officer testified that the driver's side window was open, and he immediately smelled a strong odor of marijuana. The driver, later identified as Malone, told the officer that his driver's license was suspended. The officer asked Malone to exit the vehicle so that he could conduct a pat-down search and arrest him for driving under suspension. During the pat-down, the officer noticed that Malone had a gun holster wedged inside the waistband of his pants. The officer placed Malone under arrest and

walked him to the police car in order to place him in the back seat.  Malone then told the officer that a firearm was in the trunk of his vehicle.

{¶4} After putting Malone in the police car, the officer conducted an inventory search of Malone's vehicle.  This search yielded ammunition on the passenger seat and in the vehicle's front center console.  Marijuana was found in the ashtray and a handgun and more ammunition was discovered in the trunk.[1]

{¶5} During the trial after the state rested its case, Malone twice moved the court for acquittal pursuant to Crim.R. 29.  Both motions were denied.  At the conclusion of trial, Malone was convicted on one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), and one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B).  He was sentenced to one year of community control sanctions subject to conditions.

{¶6} In his first two assigned errors, Malone claims that the trial court erred when it failed to grant his motion for acquittal where the state failed to prove beyond a reasonable doubt all the elements of carrying a concealed weapon and improperly handling of a firearm in a motor vehicle.  In his third and fourth assignments of errors, Malone argues that his convictions are against the manifest weight of the evidence.

---

[1]Prior to the commencement of trial, both parties stipulated to the lab report indicating that .45 grams of marijuana was recovered from the vehicle.  The parties also stipulated that the firearm recovered and later test fired by an officer at the Cleveland Scientific Investigation Unit was fully operable.

Since Malone offers the same arguments for all of his assigned errors, we will address them together.

{¶7} A motion for judgment of acquittal should be granted only where the evidence is "insufficient to sustain a conviction" for the charged offenses. Crim.R. 29(A). The trial judge reviews a motion for judgment of acquittal by viewing the evidence in a light most favorable to the state and then deciding if that evidence is such that "reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

{¶8} When reviewing the sufficiency of the evidence to support a criminal conviction, appellate courts examine the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed based upon insufficient evidence unless it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶9} In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Bell*, 8th Dist. Cuyahoga No. 99990,

2014-Ohio-1060, _ 36, citing *State v. Cattledge*, 10th Dist. Franklin No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, was in the best position to view the witnesses, observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the testimony. *Bell* at _ 36. *See Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Accordingly, we afford great deference to the factfinder's determination of witness credibility. *Bell* at *id.*

{¶10} R.C. 2923.12(A)(2) states, "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] handgun other than a dangerous ordnance."

{¶11} R.C. 2923.16(B) states "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

{¶12} In his argument that his conviction for carrying a concealed weapon was based on insufficient evidence, Malone claims that the "ready at hand" element of the offense was not proven because there was no evidence to support that the weapon found in his vehicle was readily accessible from the driver's seat. He also argues that there was insufficient evidence to support his conviction for improperly handling of a firearm in a motor vehicle where there was no evidence that the weapon was loaded at the time Malone was operating the vehicle. We find to the contrary.

{¶13} The arresting officer testified that when he searched Malone's vehicle he found one 9 mm handgun round on the passenger seat. In the front center console of the car, the officer found one magazine for a Ruger 9 mm handgun containing 16 rounds and the console was unlocked.

{¶14} The officer testified further that he next checked the trunk of the car to retrieve the weapon from where Malone had told him the gun was located. However, when he opened the trunk, he saw only a large speaker box and amplifiers, along with some clothing and other miscellaneous items. He then decided to access the trunk area from the center console located in the back seat of the vehicle. When he looked into the back seat, he noticed that the center console was not completely closed. When he lowered the console, he saw a 9 mm handgun. Although the gun was unloaded, a pouch attached to the gun contained a magazine with 17 rounds in it.

{¶15} The officer told the court that he then walked around to the driver's side of the car and sat in the driver's seat. He wanted to see if it was possible to reach from the driver's seat position to the back seat and into the back center console leading to the trunk in order to access the weapon. The officer determined that because the driver's seat was pushed back in the position furthest from the steering wheel and closest to the back seat, it was possible for the driver to access the handgun. The officer also testified that the ammunition located on the passenger seat and in the unlocked front console was readily accessible and estimated that it would take about five seconds to load a weapon with the ammunition.

{¶16} In considering whether this evidence, viewed in a light most favorable to the prosecution, is such that the court as trier of fact could have found that Malone had a loaded firearm in his vehicle that was concealed ready at hand, we find that it is. Malone argues in his brief "that the handgun was not ready at hand because it was not conveniently accessible and within immediate physical reach." However, convenient access and immediate physical reach are not elements of either offense. Malone also states that there was no testimony to suggest that the gun found in the trunk was loaded. We disagree. Indeed, there was no testimony that the gun was loaded when the officer recovered it from the trunk, but the state presented circumstantial evidence that the gun was loaded and ready at hand prior to the officer's approaching the vehicle. The trial court was presented with sufficient evidence to support Malone's convictions.

{¶17} Likewise, we find that the court did not lose its way in finding Malone guilty of the offenses. The officer's testimony regarding Malone's furtive movements inside the vehicle when the officer was approaching combined with the pushed-back position of the driver's seat, the ammunition located on the passenger seat, the proximity of the back seat console to the driver, and the holster found on Malone during the pat-down support the finding that a loaded weapon was ready at hand while Malone was operating the vehicle. The trial court was in the best position to gauge the credibility of the police officer's testimony and resolve any conflicts or inconsistencies.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
LARRY A. JONES, SR., P.J., CONCURS IN
JUDGMENT ONLY